UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| EDGAR L. MUIR, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 17-327-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Inmate Edgar L. Muir is confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Muir has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1]. For the reasons set forth below, Muir's petition will be denied.

In 2008, Muir pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The maximum sentence for violating § 922(g) is usually 10 years in prison. *See* 18 U.S.C. § 924(a)(2). However, the United States District Court for the Eastern District of Tennessee determined that Muir had at least three previous convictions for either a violent felony or a serious drug offense that were committed on different occasions. As a result, Muir was subject to a mandatory minimum sentence of 15 years in prison pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The district court sentenced Muir to 211 months in prison. *See United States v. Muir*, No. 1:07-cr-00097 (E.D. Tenn. 2008).

Muir challenged his sentence on direct appeal, but the United States Court of Appeals for the Sixth Circuit affirmed that sentence. *See id.* Muir did not file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Instead, he filed a § 2241 petition with this Court, challenging the validity of his sentence. This Court denied Muir's petition, concluding that his claims were not cognizable in a § 2241 petition. *See Muir v. Sepanek*, No. 0:14-cv-008-HRW (E.D. Ky. 2014). Muir appealed but the Sixth Circuit affirmed this Court's decision, holding that "[a]n attack on the validity of a conviction or sentence must be brought under § 2255 as opposed to § 2241." *Muir v. Sepanek*, No. 14-5515 (6th Cir. 2014). While the Sixth Circuit acknowledged that "[a]n exception exists—the 'savings clause'—that allows a federal prisoner to challenge his conviction and sentence under § 2241 if he can show that his remedy under § 2255 is inadequate or ineffective," it explained that "[t]he savings clause of § 2255 does not apply to challenges made to a sentencing enhancement." *Id.* Thus, the Sixth Circuit concluded that Muir could not attack his sentence in a § 2241 petition. *See id.*

Nevertheless, Muir has filed yet another § 2241 petition with this Court. [Record No. 1]. Muir relies on a number of cases, including *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). These Supreme Court decisions that discuss the approach courts should use to determine whether a prior conviction constitutes a violent felony for purposes of the ACCA. Muir argues that, in light of these cases, some of his pre-2008 convictions no longer constitute violent felonies. Accordingly, Muir claims that his ACCA enhancement is invalid and, as a result, he should not have been sentenced to more than 10 years in prison.

Muir's latest § 2241 petition constitutes another impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his sentence through a direct appeal and a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Muir cannot use a § 2241 petition as a way of challenging his sentence.

Muir nevertheless argues that § 2255(e)'s savings clause permits him to attack his sentence in a § 2241 petition. [Record No. 1-1 at 12] But in the Sixth Circuit's decision denying Muir's last § 2241 petition, it specifically told Muir that "[t]he savings clause of § 2255 does *not* apply to challenges made to a sentencing enhancement." *Muir v. Sepanek*, No. 14-5515 (6th Cir. 2014) (emphasis added). Still, Muir suggests that the Sixth Circuit changed this rule last year in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), and thus he can now challenge his sentence enhancement in a § 2241 petition.

In *Hill*, the Sixth Circuit recognized that it had previously said "that petitioners may not challenge misapplied sentence enhancements under § 2241." *Hill*, 836 F.3d at 596 n. 4. The court, however, indicated that a petitioner could now challenge a sentence enhancement in a § 2241 petition under certain limited circumstances. *See id.* at 595. The court explained:

> When seeking to petition under § 2241 based on a misapplied sentence, the petitioner must show (1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect.

*Id.*

The court then applied this test to Hill, who was claiming that his Maryland second-degree assault conviction was not a valid predicate offense for purposes of a career offender enhancement under the old mandatory sentencing guidelines. *See id.* at 595-99. Ultimately, the court determined that Hill passed the test. *See id.* Notably, the government conceded that the Supreme Court's decision in *Descamps*—which discussed the approach courts should use to determine whether a prior conviction constitutes a violent felony for purposes of the ACCA—was a case of statutory interpretation that is new and retroactive and could not have been invoked in the petitioner's initial § 2255 motion. *See id.* at 595-96. The government further conceded that, in light of *Descamps* and a Fourth Circuit case, a Maryland conviction for second-degree assault no longer constituted a valid predicate offense for purposes of the career-offender enhancement. *Id.* Finally, the court determined that Hill's sentence enhancement constituted a fundamental error. *See id.* at 599. Accordingly, the concluded that Hill's petition was properly brought under § 2241. *Id.* at 600.

The crux of the *Hill* decision therefore is that *Descamps* is a case of statutory interpretation that is new and retroactive. *Id.* at 595-66. But in *Descamps* itself, the Supreme Court never wrote that it was creating a new rule, let alone a retroactive one. *See Descamps*, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its

'modified' counterpart all but resolves this case."); *id.* at 2285 ("That is the job, as we have always understood it, of the modified approach."). And, more importantly, the Sixth Circuit itself previously said in a published decision that *Descamps* is actually an old rule. Indeed, in 2014, the Sixth Circuit specifically stated that "[t]he Supreme Court in *Descamps* explained that it was *not* announcing a new rule, but was simply reaffirming [an existing] approach, which some courts had misconstrued." *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) (emphasis added). Thus, the *Hill* decision is contrary to an earlier published panel decision from the same court, and that earlier decision remains controlling authority. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) ("A published prior panel decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." (quotation marks and citation omitted)). Accordingly, Muir's reliance on *Hill* is unavailing.

That said, even if *Hill* was binding on this Court, this Sixth Circuit made it clear that its decision allowing prisoners to start challenging sentence enhancements in § 2241 petitions was limited to the following, narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill*, 836 F.3d at 599-600. Those circumstances do not apply here because the district court sentenced Muir in 2008, well after the Supreme Court decided *Booker*. Muir's petition

-5-

therefore falls outside of *Hill*'s narrow confines, meaning that he cannot take advantage of § 2255(e)'s savings clause. Accordingly, it is hereby

**ORDERED** as follows:

1. Muir's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 17th day of August, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge